**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jeannie L. Steil, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>Grossman & Karaszewski, PLLC, Darleen Karaszewski, William C. Grossman, Cavalry SPV I, LLC, and Mandarich Law Group, LLP,<br><br>   Defendants. | Civil Action No.: 2:19-cv-05839-RRM-JO |

**DEFENDANT GROSSMAN & KARASZEWSKI, PLLC AND DARLEEN KARASZEWSKI'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Grossman & Karaszewski, PLLC and Darleen Karaszewski (hereinafter referred to as the "Defendants"), by and through its undersigned counsel, hereby states its answer and affirmative defenses to the First Amended Complaint of Plaintiff, Jeannie L. Steil, as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA").

    **ANSWER:** **Denied.**

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

    **ANSWER:** **Defendants admit that this Court has jurisdiction but denies any violation of federal or state laws.**

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**ANSWER:   Defendants admit that venue is proper but denies the events or transactions occurred as alleged by Plaintiff.**

4. At all relevant times, Defendants conducted business within the State of New York.

**ANSWER:   Admitted.**

## PARTIES

5. Plaintiff Jeannie L. Steil is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.**

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.**

7. On information and belief, Defendant Grossman & Karaszewski, PLLC, is a New York Professional Limited Liability Company with a principal place of business in Erie County, New York.

**ANSWER:   Denied.**

8. On information and belief, Defendant William C. Grossman is a New York resident with a principal place of business in in Erie County, New York, and was involved in the conduct described herein.

**ANSWER:   Denied.**

2

9.  On information and belief, Defendant Darleen Karaszewski is a New York resident with a principal place of business in in Erie County, New York, and was involved in the conduct described herein.

**ANSWER:    Admitted.**

10. On information and belief, Defendant Cavalry SPV I, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.**

11. On information and belief, Defendant Mandarich Law Group, LLP, is an Illinois Limited Liability Partnership with a principal place of business in Cook County, Illinois.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.**

12. Defendants regularly collect or attempt to collect debts asserted to be owed to others.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.**

13. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.**

14. The principal purpose of Defendants' business is the collection of such debts.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.**

15. Defendants use the mails in their debt collection business.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.**

16. Defendants use telephones in their debt collection business.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.**

17. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.**

## ALLEGATIONS

18. Defendants allege Plaintiff owed a debt to Citibank, N.A. ("the alleged Debt").

**ANSWER:** **Defendants admit that Plaintiff owes a debt originally incurred with Citibank, N.A. Defendants deny that it is an "alleged" debt.**

19. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.**

20. The alleged Debt does not arise from any business enterprise of Plaintiff.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.**

21. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.**

22. Sometime after the incurrence of the Debt, but before October 15, 2018, the alleged Debt was sold or was otherwise transferred to Defendant Cavalry SPV I, LLC.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.**

23. At the time the alleged Debt was sold or was otherwise transferred to Defendant Cavalry SPV I, LLC, it was in default.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.**

24. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants Grossman & Karaszewski, PLLC, William C. Grossman, Darleen Karaszewski and Mandarich Law Group, LLP for collection.

**ANSWER:   Defendants admit that at some point the debt was placed with Grossman & Karaszewski, PLLC for collection.**

25. In their efforts to collect the alleged Debt, Defendants, through an individual identified as "Scott," contacted Plaintiff by telephone on October 30, 2018, at approximately 8:50 a.m. (the "October Call").

**ANSWER:   Admitted.**

26. During the October Call, "Scott" left a voicemail message for Plaintiff, and he identified himself as an employee of Grossman & Karaszewski, PLLC.

**ANSWER:   Denied.**

27. The voicemail message from the October Call stated it was from a debt collector.

**ANSWER:   Admitted.**

28. The voicemail message from the October Call stated it was an attempt to collect a debt.

**ANSWER:    Denied.**

29. The voicemail message from the October Call left a call back number of 1-888-201-6643.

**ANSWER:    Admitted.**

30. The voicemail message from the October Call was played over Plaintiff's speakerphone and 6 individuals overheard the message.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.**

31. Prior to listening to the voicemail message from the October Call, Plaintiff had no way of knowing that Defendants had left the message.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.**

32. Prior to listening to the voicemail message from the October Call, Plaintiff had no way of knowing that there was a message from a debt collector.

**ANSWER:    After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.**

33. The voicemail message from the October Call gave no warning or other notice that Plaintiff should listen to the message in private.

**ANSWER:    Denied.**

34. The voicemail message from the October Call gave no warning or other notice that the message was private in nature.

**ANSWER:    Denied.**

35. The voicemail message from the October Call had no pause or break that would have allowed Plaintiff to discontinue listening to the message if a third-party was present.

**ANSWER:   Denied.**

36. In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by telephone on January 14, 2019, at approximately 8:53 a.m. and January 28, 2019, at approximately 10:36 a.m. (collectively, the "January Calls").

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.**

37. During the January Calls, "Scott" left a voicemail message for Plaintiff, and this time he identified himself as an employee of Mandarich Law Group, LLP.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.**

38. Scott left the same call back number as the number for Grossman & Karaszewski, PLLC, 1-888-201-6643.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.**

39. The voicemail message from the January Calls stated that they were from a debt collector.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.**

40. The voicemail message from the January Calls stated they were attempts to collect a debt.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.**

41. The voicemail message from the January Calls were heard by Plaintiff's son.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.**

42. Prior to listening to the voicemail messages from the January Calls, Plaintiff had no way of knowing that Defendants had left the messages.

   **ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.**

43. Prior to listening to the voicemail messages from the January Calls, Plaintiff had no way of knowing that there were messages from a debt collector.

   **ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.**

44. The voicemail messages from the January Calls had no pause or break that would have allowed Plaintiff to discontinue listening to the message if a third-party was present.

   **ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.**

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b)
### AS TO ALL DEFENDANTS

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

   **ANSWER:   Defendants repeat and reallege its answers to the foregoing paragraphs as though fully stated herein.**

46. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

8

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.**

47. Plaintiff never gave Defendants consent to communicate with any third party in connection with the collection of the alleged Debt.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.**

48. Plaintiff did not give Defendants express permission to leave messages on the telephone that the Defendants called.

**ANSWER:** **After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.**

49. Defendants conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

**ANSWER:** **Denied.**

50. Defendants' actions as described herein violate 15 U.S.C. § 1692c(b).

**ANSWER:** **Denied.**

51. Plaintiff was caused significant embarrassment and humiliation as a result of the Defendants' conduct.

**ANSWER:** **Denied.**

52. For all of the foregoing reasons, Defendants violated 15 U.S.C. § 1692c(b) and are liable to Plaintiff therefor.

**ANSWER:** **Denied.**

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**AS TO DEFENDANTS DARLEEN KARASZEWSKI,**
**CAVALRY SPV I, LLC, AND MANDARICH LAW GROUP, LLP**

9

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

**ANSWER:   Defendants reallege its answers to the foregoing paragraphs as though fully stated herein.**

54. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

**ANSWER:   After reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.**

55. The January 14, 2019 call was these Defendants' initial communication with Plaintiff concerning the alleged Debt.

**ANSWER:   Denied.**

56. As such, these Defendants had until January 19, 2019, to send Plaintiff a validation notice as described in 15 U.S.C. § 1692g.

**ANSWER:   Denied.**

57. These Defendants failed to send Plaintiff a validation notice as described in 15 U.S.C. § 1692g.

**ANSWER:   Denied.**

58. As such, Defendants violated, per se, 15 U.S.C. § 1692g, and are liable to Plaintiff therefor.

**ANSWER:   Denied.**

## CLASS ALLEGATIONS

59. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

**ANSWER: Denied.**

60. Plaintiff seeks to certify two classes of:

    i.    All consumers to whom Defendants left a voicemail message without prior consent and which message was substantially similar to the message left with the Plaintiff, which message was left on or after a date one year prior to the filing of this action to the present.

    ii.    All consumers whose accounts were transferred from Defendant Grossman & Karaszewski, PLLC to Defendant Mandarich Law Group, LLP, who were not sent a validation notice as described in 15 U.S.C. § 1692g from Mandarich Law Group, LLP.

**ANSWER: Denied.**

61. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

**ANSWER: Denied.**

62. The Class consists of more than thirty-five persons.

**ANSWER: Denied.**

63. Plaintiff's claims are typical of the claims of this Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER: Denied.**

64. The prosecution of separate actions by individual members of the Class would create risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the

Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:**    **Denied.**

65. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**ANSWER:**    **Denied.**

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

**ANSWER:**    **Defendants hereby demand a trial by jury.**

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim against Defendants upon which relief may be granted.

2.    Plaintiff failed to mitigate her damages.

3.    At all relevant times, Defendants acted in good faith. Any alleged violation of the FDCPA was neither willful nor intentional and would have resulted from a bona fide error notwithstanding the maintenance of reasonable procedures designed to avoid such error.

**Date: December 4, 2019**                    Respectfully submitted,

**Grossman & Karaszewski, PLLC**
**Darleen Karaszewski**

*/s/ Jacob A. Rheaume*
Jacob A. Rheaume (IL 6333236)
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (fax)
jrheaume@messerstrickler.com

***Attorney for Defendants, Pro Hac Vice***

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of December 2019, a true and accurate copy of the foregoing was filed with the CM/ECF system which will send notification of such filing to the attorneys of record.

*/s/ Jacob A. Rheaume*
Jacob A. Rheaume (IL 6333236)
Messer Strickler, Ltd.
225 W. Washington St., Ste. 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (fax)
jrheaume@messerstrickler.com

***Attorney for Defendants, Pro Hac Vice***